[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM JURY LIST
This action has been brought by the substituted plaintiff on a commercial promissory note for $31,000, originally given to the Connecticut Savings Bank by the defendants Philip Quinlan and Robert Brown on December 2, 1988. Both Quinlan and Brown have been defaulted for failure to appear and the action is being maintained against the defendant Mary Quinlan, the 79 year old mother of Robert Quinlan, who guaranteed payment of the note in a written guaranty on August 15, 1989.
The defendant Mary Quinlan claimed this case for the jury docket on December 9, 1992. The plaintiff has now moved to strike the jury docket claim on the basis that the guaranty contains a waiver of a right to trial by jury.
Paragraph 22 of the Guaranty provides as follows:
 The undersigned hereby consents to the jurisdiction of any state or federal court located within Connecticut and waives personal service of any and all process upon, and consents that all such service of process be CT Page 6989 made by registered mail directed to the undersigned at the address stated below and service so made shall be deemed to be completed upon actual receipt thereof. The undersigned waives trial by jury and waives any objection to venue of any action instituted hereunder and consents to the granting of such legal or equitable relief as is deemed appropriate by the court.
The defendant makes three claims in opposition to the motion to strike, two of which the court finds have merit. The first claim is that since the claim for the jury docket was on file for over two years before the third plaintiff, represented by the third set of attorneys, took steps to assert the waiver, that the plaintiff has abandoned the waiver clause by inaction and has consented to jury trial. The court agrees. See Moskowitz v. KeithSales Corp., 99 N.Y.S.2d 173.
The second claim, which is of more significance, is that the plaintiff has failed to show that the defendant Mary Quinlan knowingly and intentionally waived her constitutional right to a trial by jury.
Paragraph 22, which contains the alleged waiver, is in slightly larger type than all other paragraphs, except for Paragraph 21. The paragraph contains seven waivers of various rights, none of which is highlighted in any way, bears no heading of any type, and the six words of the alleged waiver of a jury trial are buried in a paragraph of ninety seven words. It is to be noted that an identical paragraph in the promissory note bears the heading in dark type, "Service of Process; Waiver Of Jury Trial".
It would seem that the language of the United States Court of Appeals for the Second Circuit when dealing with a claimed waiver of the right to a jury trial is particularly appropriate:
 There is little doubt that the provision relied on by NER fails to overcome this presumption. The waiver clause was set deeply and inconspicuously in the contract, and Justice Black, dissenting in National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 332-33, S.Ct. 411, 423, 11 L.Ed.2d 354 (1964) aptly characterized the nature of NER's form agreements:
CT Page 6990
 this printed form provision buried in a multitude of words is too weak an imitation of a genuine agreement to be treated as a waiver of so important a constitutional safeguard . . . it exhausts credulity to think that they or any other laymen reading these legalistic words would have known or even suspected that they amounted to [such] an agreement.
National Equipment Rental, Ltd. v. H. Walter Hendrix, III, et al, 565 Fed.R.2d 255 (CA2, 1977).
For the foregoing reasons, the motion to strike from the jury list is denied.